```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ELIEZER SMAIA AND ESTHER MAYER,           :
INDIVIDUALLY AND ON BEHALF OF ALL         :
OTHERS SIMILARLY SITUATED,                :
                                          :
                        Plaintiffs,       :    MEMORANDUM & ORDER
            -against-                     :    19-cv-4253 (DLI) (VMS)
                                          :
MRS BPO, LLC,                             :
                                          :
                        Defendant.        :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On July 23, 2019, Eliezer Smaia and Esther Mayer ("Plaintiffs"), filed this putative class action against MRS BPO, LLC ("Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Dkt. Entry No. 1 ("Complaint"). Before the Court is Defendant's motion to dismiss the Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Dkt. Entry No. 9. For the reasons discussed below, Defendant's motion to dismiss is granted.

## BACKGROUND

Defendant is a debt collector. Compl. ¶¶ 12–16. Plaintiffs Meyer and Smaia received debt collection letters from Defendant on February 8, 2019, and March 5, 2019, respectively. *Id.* ¶¶ 33, 34. Each letter contained a settlement offer stating that Plaintiffs could make a one-time payment of a certain amount by a certain date to settle their accounts for a fraction of the balance due. *Id.* ¶¶ 46, 61, Ex. 1, Ex. 2. Plaintiffs allege that the letters were misleading and sent in violation of 15 U.S.C. § 1692e because they failed to "state whether the payment must be sent by the consumer, or received by the Defendant, by the stated deadline." *Id.* ¶¶ 47, 62.

On August 22, 2019, Defendant moved to dismiss the Complaint on three grounds. Memorandum in Support of Motion to Dismiss for Failure to State a Claim ("Mem."), Dkt. Entry

No. 9. First, Defendant argues that Plaintiffs lack standing to bring their claims because they have "suffered no concrete and particularized injury in fact." Mem. at 7. Second, Defendant asserts that Plaintiffs have failed to state a claim under the FDCPA because the statements identified by Plaintiffs in the debt collection letters were not false, deceptive, or misleading. *Id.* Third, Defendant argues that, even if the statements in the debt collection letters were misleading, Plaintiffs' claims must fail because "there was no material violation of the FDCPA." *Id.* at 10. Plaintiffs opposed the motion. Memorandum in Opposition to Defendant's Motion to Dismiss ("Opp'n"), Dkt. Entry No. 12. Defendant replied. Reply in Support of Motion to Dismiss, Dkt. Entry No. 13. For the reasons set forth below, Defendant's motion is granted.

**I.      Legal Standard**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. New York Cardiothoracic Grp., PLLC*, F.3d 471, 475 (2d Cir. 2009) (citations and internal quotation marks omitted). To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Similarly, "a formulaic recitation of the elements of a cause of action" is insufficient to survive a motion to dismiss. *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The Court notes that Plaintiffs repeatedly cite, with emphasis, obsolete statements of law concerning the Rule 12(b)(6) standard. Plaintiffs cite *Flagler v. Trainor*, 663 F.3d 543, 546 (2d Cir. 2011), for the proposition that dismissal of a complaint will be appropriate "only if it appears ***beyond doubt*** that plaintiff can prove no set of facts in support of his claim which would entitled him to relief," and *Walsh v. McGee*, 918 F. Supp.107, 112 (S.D.N.Y. 1996), for the proposition that "***the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.***". Opp'n at 10–11 (Plaintiffs' emphasis in both cases). The quoted language from *Flagler* originates in the notice-pleading standard from *Conley v. Gibson*, 335 U.S. 41, 45–46 (1957) that expressly was overruled in *Twombly*. *See*, *Iqbal*, 556 U.S. at 670 (crediting as correct the Second Circuit Court of Appeals holding that "*Twombly* retired the *Conley* no-set-of-facts test"). Plaintiffs note that *Walsh*, which predates *Twombly* by more than a decade, cites a treatise for the proposition that motions to dismiss are disfavored. Opp'n at 11. However, Plaintiffs conveniently fail to note that the treatise has been updated to state this proposition in the past tense and to acknowledge that "[i]n more recent years . . . a number of federal courts . . . have been more willing to dismiss under Rule 12(b)(6)." 5B Arthur R. Miller, Mary Kay Kane, and A. Benjamin Spencer, Federal Practice and Procedure § 1357 (3d ed. 2004) (section updated December 13, 2019).

**II.     Analysis**

    **A.     Standing**

To establish standing under Article III of the United States Constitution, a plaintiff must allege: (1) that s/he has suffered an injury in fact; (2) that the injury was caused by the defendant's act or omission; and (3) that favorable resolution of the case is likely to result in redress of the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Defendant argues that Plaintiffs lack standing to bring this action because they fail to allege sufficient harm to satisfy the injury requirement of Article III standing. Mem. at 4–7.

Plaintiffs allege that, in furtherance of its debt collection business, Defendant sent them debt collection letters containing ambiguous statements regarding the date on which Plaintiffs could settle their debts in full with a one-time payment, and the transmission to Plaintiffs of the letters containing these statements amounted to a "false, deceptive, or misleading" practice in violation of 15 U.S.C. 1692e.  *See*, Compl. ¶¶ 33–68.  This allegation is sufficient to establish Plaintiffs' standing to bring their claims.  The Second Circuit has held that ambiguous statements in collection letters may be deceptive and, therefore, violate 15 U.S.C. § 1692e.  *See*, *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996).  Plaintiffs have constitutional standing to bring their claims because the Complaint identifies a statement in the collection letters at issue they contend is ambiguous and, therefore, deceptive under § 1692e.  *See*, *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018) (holding that an alleged violation of § 1692e satisfies the injury-in-fact requirement of Article III).  Accordingly, Defendant's motion to dismiss the Complaint on standing grounds is denied.

**B.     Application of the Rule 12(b)(6) Standard and the FDCPA**

Section 1692e of the FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  In analyzing whether a debt collector has violated this section against consumers, courts use an objective test based on the "least sophisticated consumer."  *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).  This standard "ensure[s] that the statute protects the gullible as well as the shrewd," but "carefully preserve[s] the concept of reasonableness," and "protects debt collectors from unreasonable constructions of their communications."  *Id.* (citing *Clomon*, 988 F.2d at 1318–20). The Second Circuit recently joined several other federal circuit courts of appeals in holding that the least sophisticated consumer standard encompasses a materiality requirement.  *See*, *Cohen v.

4

*Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018).  A false, deceptive, or misleading statement is material if it would "frustrate a consumer's ability to intelligently choose his or her response" to an attempt to collect a debt.  *Id.* (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).

Plaintiffs have failed to state a claim under § 1692e of the FDCPA because the allegedly ambiguous statement is not materially misleading.  Ambiguous statements in a collection letter "can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate."  *Clomon*, 988 F.2d at 1319.  In a recent summary order, the Second Circuit explained that a plaintiff alleging violations of § 1692e based on ambiguous statements in a collection letter must clear two hurdles to defeat a motion to dismiss.[1]  *See*, *Gissendanner v. Enhanced Recovery Co., LLC*, 2019 WL 5688214, at *2 (2d Cir. Nov. 4, 2019).  First, a plaintiff must identify at least two reasonable interpretations of the statement at issue, and "[s]econd, the deception arising from such reasonable interpretations must be material."  *Id.* (citing *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75–76 (2d Cir. 2016); *Cohen*, 897 F.3d at 85–86).

In *Perdomo v. Firstsource Advantage, LLC*, the court held that an allegedly ambiguous statement virtually identical to the statements identified by Plaintiffs in this case was not material and, therefore, not actionable under *Cohen*.  2019 WL 4085255, at *2 (E.D.N.Y. Aug. 28, 2019).  This Court concurs and finds that the statements at issue in this case are not actionable because they are not material.

Even if the allegedly ambiguous statements were susceptible to two reasonable interpretations, *i.e.*, either Plaintiffs were required to mail their payments by a certain date or

---

[1] Summary orders do not have precedential effect within the Second Circuit.  *See*, *Koehler v. Metro. Transportation Auth.*, 214 F. Supp.3d 171, 175 (E.D.N.Y. 2016) (citing 2d Cir. Local Rule 32.1.1).  However, this does not mean that the Court should "consider[ ] itself free to rule differently in similar cases" and summary orders may serve as "some indication of how the Court of Appeals might rule were it to decide the issue in a binding opinion."  *Id.* (quoting, respectively, *United States v. Payne*, 591 F.3d 46, 58 (2d Cir. 2010); *Mendez v. Starwood Hotels & Resorts Worldwide, Inc.*, 746 F. Supp.2d 575, 595 (S.D.N.Y. 2010)).

Defendant must receive the payment by a certain date, the resulting "deception" is not material as it only would lead Plaintiffs to believe they had to act by a certain time. *See*, *Luci v. Overton, Russell, Doerr & Donovan, LLP*, 2019 WL 5152512, at *2 (2d Cir. Oct. 15, 2019) (affirming dismissal of § 1692e claim on materiality grounds where sole effect of ambiguity would be to "create[ ] a false sense of urgency" by lowering the perceived time to respond from at least forty to only thirty days); *Gissendanner*, 2019 WL 5688214, at *2 (2d Cir. Nov. 4, 2019) (affirming dismissal of § 1692e claim where collection notice contained ambiguous statement as to interest accrual, but ambiguity was immaterial because debt was static); *Mun v. Midland Credit Mgmt., Inc.*, 2019 WL 6729326, at *3 (S.D.N.Y. Dec. 11, 2019) (holding the harm of leading a debtor to "think that there is a financial benefit to making repayment sooner rather than later" to be immaterial for FDCPA purposes (quoting *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 214 (2d Cir. 2018)). In this case, "[a]n ambiguity that, in the worst-case scenario, would lead a consumer to mail her payment a few days earlier than necessary does not rise to the level of a materially misleading statement." *Perdomo*, 2019 WL 4085255 at *2. Thus, Plaintiffs fail to state a claim for violations of § 1692e of the FDCPA.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion is granted, and this action is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2020

                                                          /s/
                                                    DORA L.  IRIZARRY
                                                  United States District Judge